**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WELLS FARGO CLEARING SERVICES, LLC, | § § § | |
| *Petitioner*, | § § § | |
| v. | § § | Civil Action No. 4:25-CV-05679 |
| GERALDINE CARD MAXFIELD, | § § § | |
| *Respondent*. | § | |

**PETITIONER WELLS FARGO CLEARING SERVICES, LLC'S**
**MOTION FOR ATTORNEYS' FEES**

Petitioner Wells Fargo Clearing Services, LLC ("WFCS") respectfully moves the Court

for an award of reasonable attorneys' fees of $28,252.60 against Respondent Geraldine Card

Maxfield ("Maxfield") pursuant to the attorneys' fees provision in the underlying contracts

between the Parties and Federal Rule of Civil Procedure 54. In support of this motion, Petitioner

states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

1.      This action arises from Maxfield's breach of two Promissory Notes entered over

the course of her employment with WFCS, including on July 28, 2017, and February 27, 2018

(collectively, the "Promissory Notes").

2.      WFCS brought claims in arbitration against Maxfield for breach of the Promissory

Notes before the Financial Industry Regulatory Authority ("FINRA:), based on Maxfield's failure

to repay the unpaid principal and interest accrued on the Promissory Notes. On August 29, 2025,

FINRA issued a decision awarding WFCS a total of $213,275.75.

3.      On November 25, 2025, WFCS filed the instant action seeking to confirm the August 29, 2025 FINRA Arbitration Award pursuant to 9 U.S.C. § 9.

4.      On April 17, 2026, this Court entered Default Judgment against Maxfield. It confirmed the August 29, 2025 FINRA Arbitration Award, awarded a judgment of $213,275.75, and awarded the costs of suit and attorneys' fees pursuant to the terms of the Promissory Notes and Federal Rule of Civil Procedure 54.

5.      The Promissory Notes contain a fee-shifting provision, in which Maxfield agreed "to pay all reasonable costs and expenses incurred by or on behalf of [WFCS] in connection with its exercise of any or all of its rights and remedies under this Note, including, without limitation, all attorneys' fees and expenses incurred [by WFCS] in any action to enforce the Note." Dkt. 1-1 at 3; Dkt. 1-2 at 4.

6.      WFCS now seeks an award of its reasonable attorneys' fees incurred in prosecuting this action through entry of the Default Judgment.

7.      As set forth in the accompanying Declaration of Philip D. Nickerson and supporting billing records, WFCS seeks an award of attorneys' fees in the total amount of $28,252.60. This amount represents a reasonable lodestar based on the hours reasonably expended and reasonable hourly rates for attorneys and staff working on this matter.

**ARGUMENTS AND AUTHORITIES**

8.      Under Federal Rule of Civil Procedure 54, a claim for attorneys' fees must be made by motion and must specify the "grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2). This Court uses the lodestar method to evaluate the reasonableness of the requested fees. Under the lodestar method, the Court determines a reasonable fee by multiplying the number of hours reasonably expended on the litigation by a reasonable

hourly rate. *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 852 (S.D. Tex. 2017). It then determines whether an adjustment is warranted based on factors such as, the time and labor required, the skill required, the customary fee, the amount involved and the results obtained, and the experience, reputation, and ability of the attorneys. *Id.*

9. Here, WFCS is entitled to attorneys' fees because the Promissory Notes expressly provide that WFCS is entitled to "all reasonable costs and expenses . . . including, without limitation, all attorneys' fees" incurred to exercise its rights under the Promissory Note. Dkt. 1-1 at 3; Dkt. 1-2 at 4. WFCS brought the instant Action in order to enforce an arbitral award of damages stemming from Maxfield's failure to repay outstanding balances to which WFCS was entitled under the Promissory Notes. Accordingly, WFCS is contractually entitled to recover its reasonable attorneys' fess incurred in connection with this action.

10. As set forth in the Declaration of Philip Nickerson, WFCS seeks attorneys' fees in the amount of $28,252.60, representing a total of 78.1 hours spent seeking to confirm the FINRA arbitration award before this Court.

11. The time expended on this case was reasonable and necessary given the nature of the dispute and the tasks required, including:

- Investigating key facts and analyzing the Promissory Notes;

- Analyzing the FINRA Award that WFCS sought to confirm in the instant Action;

- Drafting and filing the Petition for Confirmation;

- Preparing service documents and coordinating service on Defendant;

- Developing strategy regarding alternate methods of service available after numerous unsuccessful service attempts on Defendant at her last known address and place of employment;

- Preparing proposed scheduling orders and discovery plans;

- Preparing the motion for default judgment and supporting evidence;

- Communicating with WFCS regarding case strategy; and

12.    The hourly rates charged by Plaintiff's counsel are consistent with prevailing market rates in the Southern District of Texas for attorneys and staff of comparable experience, skill, and reputation, specifically:

- Seth M. Erickson, a partner with 17 years of litigation experience, billed at an hourly rate of $571.00.

- Philip D. Nickerson, an associate with 9 years of litigation experience, billed at an hourly rate of $352.00.

- Abigail D. Hylton, an associate with 4 years of litigation experience, billed at an hourly rate of $334.05.

13.    The detailed billing records attached as Exhibit A to the Declaration of Philip Nickerson demonstrate the reasonableness of the time expended and the nature of the work performed. The fees Petitioner requests do not include the time that was duplicative, excessive, administrative, or unrelated to this litigation.

14.    The lodestar amount is presumptively reasonable, and consideration of the relevant factors used by courts in the Fifth Circuit further supports the requested fee as well. This case required substantial work, including preparation of multiple motions over the course of the litigation and numerous attempts to serve Maxfield due to her unavailability at her most recent known address and place of unemployment. In addition, counsel's experience and skill were critical to achieving a judgment awarding the full amount sought in WFCS's petition for confirmation.

## CONCLUSION

For these reasons, WFCS respectfully requests that the Court grant this Motion; and

1.      Award WFCS attorneys' fees in the amount of $28,252.60;

2.      Order that such fees be included in the judgment against Maxfield; and

3.      Grant WFCS such other and further relief as this Court deems just and proper.

## LOCAL RULE 7 CERTIFICATE OF CONFERRAL

WFCS's counsel attempted to confer with Maxfield regarding this Motion via email on May 1, 2026 that informed her that WFCS would be filing this motion and asked her to have her counsel contact the undersigned. Maxfield has not responded to WFCS's conferral attempts.

Dated: May 1, 2026

Respectfully submitted,

Philip D. Nickerson, *attorney-in-charge*
Texas Bar No. 24107880
SDTX Bar No. 3633282
TROUTMAN PEPPER LOCKE LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 305-4708 (Telephone)
(512) 305-4800 (Facsimile)
philip.nickerson@troutman.com

*Counsel for Petitioner Wells Fargo Clearing Services, LLC*

5

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this Motion for Entry of Default and Default Judgment was served via email and certified mail (return receipt requested) pursuant to the Federal Rules of Civil Procedure and Local Rule 5.5 of the Southern District of Texas Local Rules upon Respondent Geraldine Maxfield on May 1, 2026 at the following address:

Geraldine Card Maxfield
12786 Hill Creek Road
Montgomery, Texas 77356
gerrimaxfield@gmail.com

*Pro Se Respondent*

Additionally, a courtesy copy was sent via facsimile to Eric W. Olsen, attorney at law, HELPS Law Group, P.C.

Philip D. Nickerson

6